IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFAB INDUSTRIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LITTLE CHELSEA, INC., d/b/a CHELSEA EXCLUSIVE, <br><br> Defendants. | Case No.: 23-cv-3095 <br><br> JURY TRIAL DEMANDED <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING AND UNFAIR COMPETITION** |

Plaintiff AFAB INDUSTRIAL SERVICES, INC. ("Plaintiff"), through its undersigned attorneys, brings this action against Defendant, LITTLE CHELSEA, INC., d/b/a "CHELSEA EXCLUSIVE" ("Defendant"), and in support therefor avers as follows:

## INTRODUCTION

1. This is an action at law and in equity for Trademark Infringement, Counterfeiting and Unfair Competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("Lanham Act").

2. Defendant, a New York Corporation, is using/has used a trademark "MAXIMUM IMPACT," in the marketing, advertising, promotion, offer and sale of goods that is identical in sound, appearance, commercial impression, and connotation to the Federally Registered Trademark owned by Plaintiff, "MAXIMUM IMPACT®", covered by U.S. Trademark Reg. No. 4309475. Defendant's use of the Trademark is without authorization or approval of Plaintiff-Trademark Owner, as the Defendant is not affiliated with, or authorized by, Plaintiff. Defendant's use of a similar, related and/or identical trademark, is thus likely to cause confusion and to deceive consumers and the public regarding the source of the goods to which they are affixed.

## THE PARTIES

3. Plaintiff is a Pennsylvania Corporation has a principal place of business at 350 Camer Drive, Bensalem, Pennsylvania 19020.

4. Defendant is a New York Corporation and has a principal place of business at 222 8th Avenue, New York, New York 10011.

## JURISDICTION AND VENUE

5. Venue is proper in this District under 28 U.S.C. § 139l(b) and (c) and because Defendant conducts substantial business and is subject to personal jurisdiction in this District.

6. These claims arise under the Federal Trademark Act of 1946 as amended, 15 U.S.C. § 1051, et seq. (1994) (the Lanham Act).

7. This Court has subject matter jurisdiction over Plaintiff's Lanham Act Claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(b).

8. This Court also has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 as the action arises under the laws of the United States.

9. This Court has personal jurisdiction over Defendant because Defendant has offered goods under Infringing Trademark within the State of New York.

## RELEVANT FACTS

10. Since its incorporation in 1995, Plaintiff is and has been a company engaged in the development, manufacture, distribution, marketing, and sale of a variety of consumer products throughout the United States and the world.

11. At all times material hereto, Plaintiff AFAB has manufactured a product under the Federally Registered Trademark "MAXIMUM IMPACT®".

12. Plaintiff AFAB is the owner by way of exclusive and continued use throughout the United States, since at least as early as August 2010, of the Trademark "MAXIMUM IMPACT®", covering consumer goods.

13. Plaintiff AFAB is also the owner by way of exclusive and continued use throughout the United States, since at least as early at 1997 of the Trademark S.V.T.™ covering services generally described as "development, manufacture, distribution, marketing and sale of consumer products."

14. SVT Inc. was a stand-alone corporation initially created May 27, 1997. On January 1, 2010 SVT Inc. merged with AFAB Industrial Services, Inc. Since June 21, 2017 S.V.T. has been a fictitious name of Plaintiff AFAB.

15. Due to the high quality of its products and its substantial advertising, promotional, and sales efforts, using the brand name and Trademark S.V.T.™, Plaintiff AFAB has achieved nationwide consumer acceptance and notoriety for its consumer products including "MAXIMUM IMPACT," of the highest quality and prestige.

16. Plaintiff has spent substantial sums of money to advertise, publicize, and promote "MAXIMUM IMPACT®" for the rendering of its services related to sales and distribution of its proprietary product.

17. Plaintiff AFAB under the Trademark S.V.T.™, has sold its products identified as "MAXIMUM IMPACT®" in substantial quantities in this Judicial District and throughout the United States.

18. By virtue of Plaintiff AFAB's extensive use of its "MAXIMUM IMPACT®" mark, Plaintiff AFAB's product and services have become so well known to the trade and purchasing

public that said products and services are recognized as being produced by, emanating from, and/or being associated with AFAB and/or S.V.T.

19. Plaintiff AFAB owns valuable goodwill which is symbolized by its "MAXIMUM IMPACT®" mark, and, as a result, the use of said mark, substantially increases the salability of its product.

20. Plaintiff has used and will continue to use the "MAXIMUM IMPACT®" Trademark in interstate commerce in connection with the marketing, promotion, advertisement, offer and rendering of goods.

21. Upon information and belief, Defendant CHELSEA EXCLUSIVE began manufacturing, distributing, and selling its own Counterfeit Product of "MAXIMUM IMPACT."

22. Defendant markets this product under the identical brand name "MAXIMUM IMPACT."

23. Upon information and belief, Defendant used and is now using Plaintiff's "MAXIMUM IMPACT®" mark in this District and elsewhere in interstate commerce in connection with the same of consumer products without the consent or authorization of Plaintiff AFAB.

24. Defendant's use of the "MAXIMUM IMPACT®" Trademark infringes upon Plaintiff's rights to the "MAXIMUM IMPACT®" Trademark by marketing, promoting, advertising, offering, and rendering similar and/or identical goods using the mark. The use of the aforementioned mark by Defendant is confusingly similar to Plaintiff's Registered "MAXIMUM IMPACT®" Trademark.

25. Defendant has intentionally continued to use the identical Trademark with the intent of misleading the public into believing that there remains some form of connection between Defendant and Plaintiff and/or that Defendant is authorized to use Plaintiff's Trademark.

26. The activities of Defendant complained of herein were and are done intentionally, willfully, with knowledge that such conduct was and is in direct contravention of Plaintiff's rights in and to the "MAXIMUM IMPACT®" Trademark, and were and are likely to confuse, mislead, and deceive purchasers and members of the public.

27. Defendant's infringement of Plaintiff's Trademark Rights, Counterfeiting acts and Unfair Competition entitles Plaintiff to damages and an injunction against continued infringement/counterfeiting.

## COUNT I

### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, COUNTERFEITING AND UNFAIR COMPETITION (FEDERAL LANHAM ACT VIOLATION – 15 U.S.C. §§ 1114 AND 1125(A))

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 as if set forth fully herein.

29. Plaintiff's "MAXIMUM IMPACT®" Trademark is individually distinctive and has been used in United States interstate commerce and is well known to the trade and relevant members of the public. That public associates and identifies the "MAXIMUM IMPACT®" Trademark with Plaintiff.

30. Defendant's conduct in the rendering of goods using identical and infringing Trademarks constitutes false designation of origin or sponsorship and tends to falsely represent that it solvents originate from Plaintiff or that Defendant's goods have been sponsored, approved, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff, when they are not.

31. Defendant's conduct is likely to confuse, mislead, and deceive the users/recipients/consumers of Defendant's goods, and members of the public as to the origin of said infringing goods, or cause said persons to believe that those infringing goods or Defendant have been sponsored, approved, authorized, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. §§ 1114 and 1125(a).

32. Defendant's activities as aforesaid constitute Defendant's use in commerce of Plaintiff's "MAXIMUM IMPACT®" Trademark.

33. Defendant's actions were and are done willfully with full knowledge of the falsity of such designations of origin and false description or representations, and with the express intent to cause confusion, mislead and deceive the purchasing/consuming public, to trade upon the high-quality reputation of Plaintiff's "MAXIMUM IMPACT®", and to improperly appropriate the valuable trademark rights of Plaintiff's "MAXIMUM IMPACT®", all to the detriment of Plaintiff.

34. Defendant's acts as aforesaid constitute false designation of origin, passing off, and false advertising in connection with services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendant's unauthorized use of "MAXIMUM IMPACT®" Registered Trademark for the same type of goods as those Plaintiff makes is also Trademark Counterfeiting under 15 U.S.C. § 1117(c) and 15 U.S.C. § 1116.

36. Defendant's unauthorized use of marks confusingly similar to Plaintiff's "MAXIMUM IMPACT®" Trademark is greatly and irreparably damaging to Plaintiff in the form of: (a) loss of income; (b) interference with Plaintiff's ability to exploit its own merchandising rights; (c) confusion in the marketplace as to the duly authorized source of goods in conjunction with Plaintiff's "MAXIMUM IMPACT®" Trademark; and (d) impairment of the goodwill

Plaintiff has in its "MAXIMUM IMPACT®" Trademark and, if Defendant's unauthorized use is not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the "MAXIMUM IMPACT®" Trademark and to the respective business, reputation, and goodwill of Plaintiff.

37. Plaintiff has no adequate remedy at law, and if Defendant's activities are not enjoined, Plaintiff will suffer irreparable harm and injury as a result thereof.

38. Plaintiff will be further harmed by the fact that it has no control over the quality of the services rendered by Defendant and purchasers/consumers of those services may attribute to Plaintiff any dissatisfaction with the quality of Defendant's goods.

39. Defendant's wrongful acts will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff respectfully requests relief from the Court in the form of:

    A. an Order enjoining Defendant from:

        (1) using the "MAXIMUM IMPACT®" Trademark and any other reproduction or imitation thereof in connection with offering or providing of any products or services not originating with Plaintiff or authorized in writing by Plaintiff;

        (2) using the "MAXIMUM IMPACT®" Trademark and any other reproduction or imitation thereof in connection with offering or providing of any goods or services in any manner likely to cause confusion, to cause a mistake or to deceive the relevant trade and/or public;

        (3) using the "MAXIMUM IMPACT®" Trademark and any other reproduction or imitation thereof in connection with offering or

        providing of any goods or services, including, but not limited to in any manner so as to dilute the distinctive quality of such mark;

    (4)    committing any acts which may cause purchasers, potential purchasers, and/or the public to believe that Defendant's products or services are Plaintiff's products or services or are sponsored or authorized by Plaintiff;

    (5)    committing any acts calculated to cause purchasers, potential purchasers, and/or the public to believe that Defendant is in any way related with/to Plaintiff;

    (6)    otherwise competing unfairly with Plaintiff in any manner;

    (7)    using or registering any domain name or trademark or trade name which is the same or substantially similar to the "MAXIMUM IMPACT®" Trademark;

    (8)    destroying or altering any documents, electronic files, or business records that relate to the copying, reproduction, manufacture, duplication, dissemination, purchase, distribution, marketing, or sale of any products; and

    (9)    assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities prohibited by sub-paragraphs (1) through (8) herein above.

    B.    An Order requiring Defendant to provide a full accounting of any and all monies received by Defendant from any source from sale of such Infringing/Counterfeit goods.

      C.      An Order permitting Plaintiff to take Expedited Discovery to determine the location of and particulars of the following things and turn over same to Plaintiff's Counsel:

    (1)    all information; documents, and things that relate, in whole or in part, to Defendant making, distributing, marketing, offering for sale, selling or otherwise dealing in the products bearing/using the Trademark or any marks similar thereto including, without limitation, all e-mails, faxes, notices, correspondence, memoranda, financial records, financial statements, banking records, sales records, computer records, receipts, and invoices, that are or have been in the possession, custody, power, or control of Defendant, whether on Defendant's premises or elsewhere or have been held on Defendant's behalf by any other person, and that relate in whole or in part to such uses by Defendant;

    (2)    all computer-information storage systems, including all computers, computer discs, computer tapes, and backups thereof that contain information, relating to the making, distributing, marketing, offering for sale and sale of products bearing/using the Trademark;

    (3)    particulars of all cataloging systems, storage systems, access procedures, identification codes, passkey numbers, and any other or similar information necessary to determine the location of or to gain access, including computer access, to all such records;

    (4)    all business records, inclusive of all financial documents and correspondence relating to Defendant making, distributing,

      marketing, offering for sale and selling of all such products or services;

    (5) any and all products/services bearing the Trademark; and

    (6) any and all documents, receipts, records, inventory of the products or services bearing the Trademark.

  D. Plaintiff be awarded monetary damages pursuant to 15 U.S.C. § 1117(a) for Defendant's Trademark Infringement/Counterfeiting/Unfair Competition determined as: (1) Defendant's Profits, (2) any Damages sustained by Plaintiff, (3) the Costs of the action, together with Prejudgment and Post-Judgment Interest, (4) Enhanced Damages, (f) Statutory Damages of $1,000,0000; (6) reimbursement for all fees, costs and damages incurred in connection with a claim for personal injury caused by Defendant's Counterfeit/Products in connection with <u>Gopaul v. AFAB</u>, Index No. 154189/2021 (N.Y. Sup. Ct., N.Y. Cnty.).

  E. Defendant be required to prepare and send a Notice to each of its active customers/patrons/supporters and each past customers/patrons/supporters to whom they may have sold/advertised goods bearing the infringing Trademark, notifying same that Defendant is not affiliated with or sponsored by Plaintiff, and Plaintiff has the exclusive rights to the use of the Trademarks, and that

  F. Defendant be required to indemnify Plaintiff for all fees and costs and damages incurred in the future due to any and all claims made against Plaintiff as a result of Defendant's Counterfeit/Products.

  G. All other and further relief as the Court may deem just and proper under the circumstances.

**JURY TRIAL DEMANDED**

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Dated:  April 13, 2023

/s/ Joshua W. Ruthizer
Joshua W. Ruthizer
jruthizer@wolfpopper.com
Adam Blander
ablander@wolfpopper.com
Timothy D. Brennan
tbrennan@wolfpopper.com
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600

M. Kelly Tillery (*pro hac vice* application to be filed)
ktillery@saxtonstump.com
Lauren A. Green (application for admission to be filed)
lag@saxtonstump.com
SAXTON & STUMP
230 S. Broad Street, Ste. 1100
Philadelphia, PA 19102
Telephone: (717) 556-1034

*Attorneys for Plaintiff,*
*AFAB Industrial Services, Inc.*