

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2024

**Sulimani Law Firm, PA**
75 Maiden Lane, Ste 802, New York, NY 10038
212.863.9614 Tel
www.sulimanilawfirm.com

August 29, 2024,

**VIA ELECTRONIC CASE FILING**

Honorable Margaret M. Garnett
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

In RE:   *AFAB Industrial Services, LTD, v. Little Chelsea, Inc.,*
         Case No. 23-cv-03095

Dear Judge Garnett,

    This Letter is in regard to the deposition of Michael Ohana, owner of LCI, in this matter which was discussed in the conference on August 2, 2024. Since there was not a minute order confirming the decisions in the conference regarding the deposition, we are seeking further clarification and narrowing of the issues in such a deposition.

    As Attorney Tillery notes in his previous Letter to Your Honor dated July 29, 2024, the plaintiff in this action has already deposed Mr. Ohana in the State case, and also deposed Dimingu Fernando, who serves as LCI's designated corporate witness. The Letter also notes that the plaintiff intends to depose Mr. Ohana in the instant matter, "as it relates to the issue of Spoliation of evidence."

    As previously stated, Mr. Ohana is not LCI's designated corporate witness. That role belongs to Mr. Fernando, who, as Counsel also points out in his letter, has already been deposed *and re-deposed* in the State case, and has already sat for a deposition in the instant case. Mr. Ohana has also been deposed in the State case, in limited scope, and now the plaintiff wishes to circumvent the State Court Order limiting the deposition of Mr. Ohana by bringing forth the same request which was denied at the State level. As Counsel states in his Letter;

1

"AFAB believes the deposition of Mr. Ohana was improperly limited and plans to request from the State Court that Mr. Ohana be compelled to sit for a deposition which is not limited to the scope of newly produced LCI receipts in the State Action."

Counsel goes on to state that – "In the alternative, AFAB requests that this Honorable Court enter an Order permitting additional limited discovery *as it relates to the issue of Spoliation of evidence*, including the deposition of Mr. Ohana, to avoid any delays related to the Bench Trial set to begin on October 28, 2024."

Accordingly, LCI received a Notice of Deposition from Counsel with a deposition date of September 18, 2024 for Mr. Ohana; and as to this deposition, the defendants wish to clarify and confirm with the Court that it be limited in scope to questions related to *the spoliation of evidence*, and nothing else; just as Counsel previously explained to the Court through his July 23 Letter that this issue was the sole issue remaining.

Defendant, LCI, is a struggling retail store in New York City that barely survived the pandemic and now the current downturn economy while having to defend a frivolous lawsuit. We would appreciate anything that will support judicial economy in this case.

An Order from the Court clarifying and confirming such, will assist in the prevention of any unneeded objections, interruptions, or debates between Counsel at the deposition, resulting in smoother and more efficient process for all parties.

> Application DENIED. For the reasons discussed at the September 10, 2024 discovery conference, it is hereby ORDERED that the deposition of Mr. Ohana will proceed as scheduled on September 18, 2024 as a half-day deposition, and he may be deposed as to all topics relevant to the federal litigation. The Clerk of Court is respectfully directed to terminate Dkt. No. 57.
>
> Dated: 9/10/2024
> SO ORDERED.
>
> *[signature]*
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE

Respectfully,

*Natalie Sulimani*
_____
Natalie Sulimani, Esq
*Counsel for Defendant*
Little Chelsea, Inc.

cc:   VIA PACER ECF

M. Kelly Tillery, Esq
Lauren A. Green, Esq
Attorneys for Plaintiff,
AFAB Industrial Services

2