# EXHIBIT A

Page 1

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X
RAVI GOPAUL, as Administrator for
The ESTATE OF STEVEN GOPAUL,
Deceased and RAVI GOPAUL, individually,

                              PLAINTIFF,

         -against-           Index No.:
                             154189/2021
AFAB INDUSTRIAL SERVICES, INC., a
Pennsylvania Corporation, CHELSEA
EXCLUSIVE, ABC CORPS 1-100 and
JOHN DOES 1-100,

                              DEFENDANTS.
------------------------------------------X
LITTLE CHELSEA, INC., i/s/h/a
CHELSEA EXCLUSIVE
                    THIRD-PARTY PLAINTIFF,
         -against-
VDAN SALES, INC.
                    THIRD-PARTY DEFENDANT.
------------------------------------------X
                    DATE: December 15, 2023
                    TIME: 10:35 A.M.




Job No. CS6359938
```

Page 2

1
2          VIRTUAL EXAMINATION BEFORE TRIAL
3    of the Defendant, AFAB INDUSTRIAL SERVICES,
4    INC., by EVERETT FARR, taken by the
5    respective parties, pursuant to a Court
6    Order, held via Veritext Virtual Services,
7    before Edith Tirado-Plaza, a Notary Public
8    of the State of New York.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

```
 1
 2      A P P E A R A N C E S:
 3
 4      THE LAW OFFICES OF THOMAS H. ANDRYKOVITZ,
        PC
 5         Attorneys for the Plaintiff
           RAVI GOPAUL
 6         140 Broadway, Suite 3601
           New York, New York  10005
 7         BY: BRIAN BRANTLEY, ESQ.
               THOMAS ANDRYKOWITZ, ESQ.
 8             RACHEL HOLT, ESQ.
 9
        SAXTON   STUMP
10         Attorneys for the Defendant
           AFAB INDUSTRIAL SERVICES, INC.
11         230 South  Broad Street, Suite 11100
           Philadelphia, Pennsylvania  19102
12         BY: M. KELLY TILLERY, ESQ.
13
        RYAN & CONLON
14         Attorneys for the Defendant/Third-Party
           Plaintiff
15         LITTLE CHELSEA INC., i/s/h/a CHELSEA
           EXCLUSIVE
16         2 Wall Street, Suite 710
           New York, New York  10005
17         BY: JOSEPH THOMPSON, ESQ.
18
        THE LAW OFFICES OF ILYA MURAFA
19         Attorneys for the Third-Party Defendant
           VDAN SALES, INC.
20         413 Woodward Avenue, Suite 3L
           Ridgewood, New York  11385
21         BY: ILYA MURAFA, ESQ.
22
23      ALSO PRESENT:
           CHRIS CONLON, VIDEOGRAPHER
24
                    *         *         *
25
```

Page 17

```
 1                      E. FARR
 2   discussed with your attorneys -- but did
 3   you discuss preparing for your deposition
 4   with anyone else?
 5           A.    No.
 6           Q.    At your last deposition it was
 7   discussed that you had an exemplar can of
 8   Maximum Impact put away in a white box
 9   somewhere.
10           A.    Yes.
11           Q.    Did you ever search for that
12   white box?
13           A.    Yes, sir.
14           Q.    Were you able to locate that
15   white box?
16           A.    Yes.
17           Q.    Was there an exemplar can of
18   Maximum Impact in that box?
19           A.    Yes, sir.
20           Q.    Did you still have that can?
21           A.    Yes, sir.
22           Q.    Do you have it with you today?
23           A.    Yes, sir.
24           Q.    Is it like in front of you, at
25   your desk or something else?
```

```
                                              Page 18
 1                    E. FARR
 2         A.    Right here, sir, yes.
 3         Q.    And have you taken any pictures
 4   of that can?
 5         A.    Yes.
 6         Q.    When did you take pictures of
 7   that can?
 8         A.    Right after I examined the cans
 9   on my first visit or the can on my first
10   visit to New York City concerning this case
11   at the law firm of the plaintiff.
12         Q.    So, when you inspected the
13   plaintiff's can you also inspected the
14   exemplar can that you have with you today?
15         A.    Not right away.  I didn't bring
16   it with me, but when I came back I searched
17   for what you call an exemplar can and I
18   found one.
19         Q.    And the can that we're
20   referring to as the exemplar can, when was
21   that can produced?
22         A.    I took pictures and sent that
23   to my attorney.
24         Q.    And I'm asking when that
25   exemplar can was --
```

Page 19

1                    E. FARR
2       A.    It was a while back.  It wasn't
3   -- I didn't think that long after but it
4   could have been right after I was --
5   witness the first can for the first visit.
6       Q.    I'm asking when the can was --
7   let me backup.
8             So, the cannister of Maximum
9   Impact those were filled at your location
10  in Pennsylvania; right?  Your 350 -- I
11  don't have the address in front of me.
12      A.    350 Camer Dirve, yes, sir.  All
13  the products that we produced.
14      Q.    And that can is -- I'm trying
15  not to talk over you.  The can that you
16  have with you today that was filled in your
17  350 Camer address; correct?
18      A.    Yes, though this can wasn't
19  ever filled.
20      Q.    So, that can is not filled?
21      A.    Yes, sir.
22      Q.    Was that can ever print?
23      A.    Yes, sir.
24      Q.    Was an actuator put on that
25  can?

1                    E. FARR
2        A.    Yes.
3        Q.    When was that can crimped?
4        A.    I don't know the exact date.
5   The can was made or we had a sampling of
6   all the products we made on a shelf so that
7   when people came in your vestibule they
8   could see everything.  I would say this can
9   was probably crimped and displayed between
10  2016 and 2019.
11       Q.    And the aerosol can itself came
12  from China; right?  Mr. Farr, can you hear
13  me?
14              THE VIDEOGRAPHER:  I'm going
15       off the record if that's okay.
16              MR. THOMPSON:  That's fine.
17              THE VIDEOGRAPHER:  The time is
18       10:53.  We're going off the record.
19              Off the record.
20              (Whereupon, an off-the-record
21       discussion was held.)
22              THE VIDEOGRAPHER:  The time is
23       10:58.  We're back on record.
24       Continuing media file one.
25       Q.    Mr. Farr, before we had some