IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFAB INDUSTRIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LITTLE CHELSEA, INC. d/b/a CHELSEA EXCLUSIVE, <br><br> Defendant. | CIVIL ACTION NO.: 1:23-cv-03095 |
| LITTLE CHELSEA, INC. d/b/a CHELSEA EXCLUSIVE, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> VDAN SALES INC. <br><br> Third-Party Defendant. | |

**AFAB INDUSTRIAL SERVICES, INC.'S MOTION TO PRECLUDE LITTLE CHELSEA, INC.'S UNPLED AFFIRMATIVE DEFENSE OF TRADEMARK INVALIDITY AND UNPLED CLAIM FOR TRADEMARK CANCELLATION**

Plaintiff, AFAB Industrial Services, Inc. ("AFAB"), by and through counsel, submits the following Motion to Preclude Defendant, Little Chelsea, Inc. d/b/a Chelsea Exclusive ("LCI"), from asserting an unpled Affirmative Defense of Trademark Invalidity and an unpled Claim for Trademark Cancellation, and in support thereof, aver as follows:

1.  Defendant LCI filed its proposed Conclusions of Law on November 21, 2024. (Dkt. # 73).

2.      For the first time, in any pleading, LCI asserts herein a proposed Conclusion of Law that AFAB's Trademark Registration is "invalid" and is not entitled to trademark protection.

3.       The general rule in the Second Circuit is that Affirmative Defenses must be raised in a pleading at the earliest opportunity, or the defense is waived. *E.g., In re Signature Apparel Grp. LLC,* 577 B.R. 54 (Bankr. S.D.N.Y. 2017) (citing *Davis v. Bryan,* 810 F.2d 42 (2d Cir. 1987)); Fed. R. Civ. P. 8(c)(1); *Foster v. Lee*, 93 F. Supp. 3d 223, 229 (S.D.N.Y. 2015) ("Failure to plead an affirmative defense ordinarily results in forfeiture of that defense.")

4.      Trademark Invalidity *is* an Affirmative Defense that must be plead. *Focus Products Grp. Int'l, LLC v. Kartri Sales Co., Inc.,* 454 F.Supp.3d 229, 246-47 (S.D.N.Y. 2020) (defendants lacked standing to pursue trademark invalidity as a counterclaim because they neither asserted invalidity as an affirmative defense nor included it as a counterclaim); *see also Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 343, 349 (2d Cir. 1999) (affirming lower court's finding that appellant's unlawful use defense was an affirmative defense that had been waived because it had not been pleaded).

5.      A defendant in a trademark infringement action *may* counterclaim for Trademark Cancellation. *See Empresa Cubana del Tabaco v. Culbro* Corp., 541 F.3d 476, 479 (2nd Cir. 2008) (district court did not abuse its discretion in trademark infringement action denying defendant's motion directing the USPTO to dismiss plaintiff's pending petitions to cancel defendant's registrations where defendant failed to raise the claim in his pleadings).

6.      However, a defendant *must* raise the issue as a counterclaim to the infringement action, otherwise the question whether relief should be granted is *not* properly before the court. *See Eagles, Ltd. v. American Eagle Foundation*, 356 F.3d 724, 730-31 (6th Cir. 2004) ("the

prospect of dismissal of the PTO opposition was not properly before the district court because AEF raised the issue for the first time in its motion for reconsideration").

7. AFAB raises this issue to prevent consenting to litigating the issue. *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, n. 3 (2d Cir. 2011) (reasoning where appellants did not raise the issue of appellees' counterclaim seeking cancellation not being included within the pleadings, appellants impliedly consented to litigating the issue).

8. LCI did not raise an Affirmative Defense of Trademark Invalidity within its pleadings. *See* LCI's Answer and Affirmative Defenses (Dkt. # 13).

9. Nor did LCI plead Trademark Cancellation as a Counterclaim within their pleadings, and accordingly, should also be precluded from asserting a cancellation claim. *See id.*; LCI's Third Party Complaint (Dkt. # 15).

10. Since LCI did not raise a Trademark Invalidity defense and/or Cancellation Claim at the earliest opportunity, this Defense and Claim is waived.

11. Therefore, the Court should prohibit LCI from asserting the Defense of Trademark Invalidity and/or a Claim for Trademark Cancellation, because LCI failed to plead these in the first instance.

WHEREFORE, Plaintiff AFAB respectfully requests this Honorable Court preclude Defendant LCI from asserting the Affirmative Defense of Trademark Invalidity and/or a Trademark Cancellation Claim in this matter.

Respectfully submitted,

SAXTON & STUMP

Date: December 4, 2024

/s/ M. Kelly Tillery
M. Kelly Tillery, Esquire

4

        Lauren A. Green, Esquire
        230 S. Broad Street, Ste. 1100
        Philadelphia, PA 19102
        P: (717) 556-1034
        ktillery@saxtonstump.com
        lag@saxtonstump.com

*Attorneys for Plaintiff,*
*AFAB Industrial Services, Inc.*

5