**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AFAB INDUSTRIAL SERVICES, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CIVIL ACTION NO.:  1:23-cv-03095 |
| v. | : |
| | : |
| LITTLE CHELSEA, INC. d/b/a CHELSEA EXCLUSIVE, | : |
| | : |
| Defendant. | : |
| | : |
| LITTLE CHELSEA, INC. d/b/a CHELSEA EXCLUSIVE, | : |
| | : |
| Third-Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| VDAN SALES INC. | : |
| | : |
| Third-Party Defendant. | : |

**AFAB INDUSTRIAL SERVICES, INC.'S MEMORANDUM OF LAW REGARDING LITTLE CHELSEA, INC.'S UNPLED AFFIRMATIVE DEFENSE OF TRADEMARK INVALIDITY AND UNPLED CLAIM FOR TRADEMARK CANCELLATION**

Plaintiff, AFAB Industrial Services, Inc. ("AFAB"), by and through counsel, submits the following memorandum of law regarding Defendant, Little Chelsea, Inc. d/b/a Chelsea Exclusive ("LCI") improperly asserting an unpled Affirmative Defense of Trademark Invalidity and an unpled Claim for Trademark Cancellation.

## I.    LCI'S TRADEMARK INVALIDITY AFFIRMATIVE DEFENSE IS WAIVED.

The general rule in the Second Circuit is that Affirmative Defenses must be raised in a pleading at the earliest opportunity, or the defense is waived. *E.g., In re Signature Apparel Grp.*

*LLC,* 577 B.R. 54 (Bankr. S.D.N.Y. 2017) (citing *Davis v. Bryan,* 810 F.2d 42 (2d Cir. 1987));

Fed. R. Civ. P. 8(c)(1); *Foster v. Lee,* 93 F. Supp. 3d 223, 229 (S.D.N.Y. 2015) ("Failure to

plead an affirmative defense ordinarily results in forfeiture of that defense.")

Trademark Invalidity *is* an Affirmative Defense that must be plead. *Focus Products Grp.*

*Int'l, LLC v. Kartri Sales Co., Inc.,* 454 F.Supp.3d 229, 246-47 (S.D.N.Y. 2020) (defendants

lacked standing to pursue trademark invalidity as a counterclaim because they neither asserted

invalidity as an affirmative defense nor included it as a counterclaim); *see also Lane Capital*

*Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 343, 349 (2d Cir. 1999) (affirming lower

court's finding that appellant's unlawful use defense was an affirmative defense that had been

waived because it had not been pleaded).

Here, LCI did not raise an affirmative defense of trademark invalidity within their pleadings

at the earliest opportunity. *See* LCI's Answer and Affirmative Defenses (Dkt. # 13). For the first

time, in any pleading, LCI asserts in its proposed Conclusions of Law (Dkt. # 73) that AFAB's

Trademark Registration is "invalid" and is not entitled to trademark protection. Since LCI did

not raise an Affirmative Defense of Trademark Invalidity within its pleadings, this defense is

waived.

## II.    **LCI'S TRADEMARK CANCELLATION CLAIM IS PRECLUDED.**

A defendant in a trademark infringement action *may* counterclaim for Trademark

Cancellation. *See Empresa Cubana del Tabaco v. Culbro* Corp., 541 F.3d 476, 479 (2nd Cir.

2008) (district court did not abuse its discretion in trademark infringement action denying

defendant's motion directing the USPTO to dismiss plaintiff's pending petitions to cancel

defendant's registrations where defendant failed to raise the claim in his pleadings).

However, a defendant *must* raise the issue as a counterclaim to the infringement action,

otherwise the question whether relief should be granted is *not* properly before the court. *See*

*Eagles, Ltd. v. American Eagle Foundation*, 356 F.3d 724, 730-31 (6th Cir. 2004) ("the prospect of dismissal of the PTO opposition was not properly before the district court because AEF raised the issue for the first time in its motion for reconsideration").

AFAB raises this issue to prevent consenting to litigating the issue. *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, n. 3 (2d Cir. 2011) (reasoning where appellants did not raise the issue of appellees' counterclaim seeking cancellation not being included within the pleadings, appellants impliedly consented to litigating the issue).

Here, LCI did not plead Trademark Cancellation as a counterclaim within their pleadings, and accordingly, should be precluded from asserting a cancellation claim. *See* LCI's Answer and Affirmative Defenses (Dkt. # 13); *see also* LCI's Third Party Complaint (Dkt. # 15).

WHEREFORE, Plaintiff AFAB respectfully requests this Honorable Court preclude Defendant, Little Chelsea, Inc. d/b/a Chelsea Exclusive, from asserting the Affirmative Defense of Trademark Invalidity and/or a Trademark Cancellation claim in this matter.

Respectfully submitted,

SAXTON & STUMP

Date:  December 4, 2024

/s/ M. Kelly Tillery
M. Kelly Tillery, Esquire
Lauren A. Green, Esquire
230 S. Broad Street, Ste. 1100
Philadelphia, PA 19102
P: (717) 556-1034
ktillery@saxtonstump.com
lag@saxtonstump.com

*Attorneys for Plaintiff,*
*AFAB Industrial Services, Inc.*