USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AFAB INDUSTRIAL SERVICES INC.,

                 Plaintiff,

-against-

LITTLE CHELSEA, INC., et al.,

                 Defendants.

---

23-cv-03095 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      In the above-captioned action, a bench trial is scheduled to begin on January 28, 2025. *See* Dkt. No. 90. On November 26, 2024, Plaintiff AFAB Industrial Services, Inc. issued a Rule 45 subpoena to non-party Ravi Gopaul to appear and testify at this trial.[1] *See* Dkt. No. 93-3.

      On December 13, 2024, Ravi Gopaul filed a motion to quash the subpoena issued by Plaintiff. Dkt. No. 93. Mr. Gopaul claims that the subpoena "imposes an undue burden in terms of time, travel, and personal inconvenience" and is "intended to harass or pressure Mr. Gopaul into reliving the day he found his husband dying on their bedroom floor." *Id.* at 4–5. Mr. Gopaul further argues that his deposition in a related civil case pending in New York state court is a sufficient substitute for his live testimony in this federal Lanham Act suit. *Id.* at 4.

      Plaintiff opposes the motion to quash. Dkt. No. 94. Plaintiff argues that Mr. Gopaul's motion "neither includes nor attaches any affidavit, testimony or other evidence which in any way shows that requiring Mr. Gopaul to travel from his home to the Courthouse on January 28, 2025, for a couple of hours of testimony would be in any away an 'undue burden' in terms of time, travel and/or personal convenience." *Id.* at 2. In addition, Plaintiff asserts that, while a different lawyer for Plaintiff participated in the deposition of Mr. Gopaul in the state tort case, counsel for Plaintiff in the pending federal case did not participate and the intellectual property issues in this case differ sufficiently from the issues in the state tort case that the deposition is not an adequate replacement for live testimony in the upcoming trial. *Id.* at 2–3.

      The Court agrees with Plaintiff. Mr. Gopaul may be inconvenienced by arriving in-person to testify at trial, but there is no evidence this inconvenience is any different than the ordinary inconvenience that court testimony presents for any witness, and the standard for quashing the subpoena is that it would subject Mr. Gopaul to an *undue* burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(4). Mr. Gopaul has failed to establish that such undue burden exists. His motion is not accompanied by a sworn statement, or even an unsworn description, of the time and travel

---

[1] At the time Plaintiff issued the subpoena to Mr. Gopaul, the trial was scheduled to begin December 16, 2024. At the joint request of all parties in the instant action, the Court moved the start date of the trial to January 28, 2025. *See* Dkt. No. 90.

burden that compliance with the subpoena would entail.  The conclusory statements in Mr. Gopaul's motion do not substantiate Mr. Gopaul's assertion that it would be unduly burdensome to comply with the subpoena.  Similarly, the conclusory assertions regarding Mr. Gopaul's deposition in a different, albeit related, case pending in another jurisdiction do not support the conclusion that the Plaintiff must forego its right to the live testimony of necessary witnesses in the present case.  Thus, Mr. Gopaul's motion is denied.

Accordingly, it is hereby ORDERED that non-party Ravi Gopaul's motion to quash (Dkt. No. 93) is DENIED.  It is further ORDERED that within three business days of the date of this order, Plaintiff's counsel shall serve this Order of Mr. Gopaul's counsel.

The Clerk of Court is respectfully directed to terminate Dkt. No. 93.

Dated: January 2, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge